UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JULIE MCEWEN, | 2:09-CV-02173-PMP-LRL |
| Plaintiff, | |
| v. | **O R D E R** |
| ACCELERATED COMMERCIAL CONSULTANTS, FRANK ULBRIGHT, TERRY PRITCHETT, and MARK MASTRANGELO, | |
| Defendants. | |

The Court having read and considered Defendant Accelerated Commercial Consultant's Motion to Quash Writs of Attachment (Doc. #34), and Defendant Mark Mastrangelo's Motion to Discharge or Quash Writs of Attachment (Doc. #41), and having further considered the arguments of counsel presented at the hearing conducted on April 19, 2010, and good cause appearing,

The Court finds that Defendants' Motions to Quash Writs of Attachment must be granted without prejudice. NRS 31.017 defines the circumstances under which the court may order a Writ of Attachment without notice. NRS 31.030 mandates that a court's order of attachment <u>shall</u> require a written undertaking in a sum not less than the amount claimed or the value of property to be attached, whichever is less. The Writs of Attachment in this case were improvidently issued without requiring that Plaintiff McEwen post an appropriate bond.

///

Further, at least some of the property levied upon pursuant to the Writs of Attachment was exempt from execution.

**IT IS THEREFORE ORDERED that** Defendant Accelerated Commercial Consultant's Motion to Quash Writs of Attachment (Doc. #34), and Defendant Mark Mastrangelo's Motion to Discharge or Quash Writs of Attachment (Doc. #41), are hereby **GRANTED** without prejudice to Plaintiff Julie McEwen to file a future Motion for Writ of Attachment or for similar relief, provided that said motions will not be considered on a Ex Parte basis.

DATED: April 19, 2010.

_____
PHILIP M. PRO
United States District Judge